**EXHIBIT 1**

## AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| 2018 CA 003218 B | Superior Court of the District of Columbia | | 2349322 (180601) |
| **Plaintiff / Petitioner:** | | **Defendant / Respondent:** | |
| Greater New York Mutual Ins. Co. et al. | | Mount Vernon Fire Insurance Company | |
| **Received by:** | | **For:** | |
| Delaware Valley Investigations, LLC | | Torri's Legal Services | |
| **To be served upon:** | | | |
| Mount Vernon Fire Insurance Company | | | |

I, John W. Dell, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Mary Ellen Pina, Mount Vernon Fire Insurance Company, 1190 Devon Park Dr, Wayne, PA 19087
**Manner of Service:** Authorized, Jun 5, 2018, 11:34 am EDT
**Documents:** Summons and Complaint (Received Jun 5, 2018 at 9:30am EDT), Civil Case Information Sheet (Received Jun 5, 2018 at 9:30am EDT), Initial Order and Addendum (Received Jun 5, 2018 at 9:30am EDT)

**Additional Comments:**
1) Successful Attempt: Jun 5, 2018, 11:34 am EDT at Corporate: 1190 Devon Park Dr, Wayne, PA 19087 received by Mary Ellen Pina, Mount Vernon Fire Insurance Company. Age: 52; Ethnicity: Caucasian; Gender: Female; Weight: 189; Height: 5'10"; Hair: Blond; Eyes: Blue

_signature_  5 JUN 18
John W. Dell                 Date

Delaware Valley Investigations, LLC
303 W. Lancaster Ave. #324
Wayne, PA 19087
610-892-8484

Subscribed and sworn to before me by the affiant who is personally known to me.

_Heather Phillips_
Notary Public

6/5/18           1/29/22
Date             Commission Expires

Commonwealth of Pennsylvania - Notary Seal
HEATHER PHILLIPS - Notary Public
Montgomery County
My Commission Expires Jan 29, 2022
Commission Number 1320219

**EXHIBIT A**



Superior Court of the District of Columbia
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Greater New York Mutual Ins. Co., et al.
_____
Plaintiff
vs.

Mt. Vernon Fire Insurance Company
_____
Defendant

Case Number  2018 CA 003218 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Alicia D. Stewart
_____
Name of Plaintiff's Attorney

111 S. Calvert Street, Suite 1400
_____
Address
Baltimore, Maryland 21202

410-783-6403
_____
Telephone

Clerk of the Court

By _____

Date  05/08/2018

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828로 전화주십시오   ???? ???? ?????? (202) 879-4828 ????

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

Greater New York Mutual Ins. Co., et al.     Case Number: **2018 CA 003218 B**

vs     Date: **May 8, 2018**

Mt. Vernon Fire Insurance Co., et al.     ☐ One of the defendants is being sued, in their official capacity.

| Name: (Please Print) Alicia D. Stewart | Relationship to Lawsuit |
|---|---|
| Firm Name: Niles, Barton & Wilmer, LLP | [X] Attorney for Plaintiff |
| Telephone No.: 410-783-6403    Six digit Unified Bar No.: 1003440 | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☐ Non-Jury    [X] 6 Person Jury    ☐ 12 Person Jury
Demand: $ 139,130.57    Other:

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**
Case No.: _____ Judge: _____ Calendar #: _____
Case No.: _____ Judge: _____ Calendar #: _____

**NATURE OF SUIT:** (Check One Box Only)

**A. CONTRACTS**        **COLLECTION CASES**

- [X] 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 07 Personal Property
- ☐ 13 Employment Discrimination
- ☐ 15 Special Education Fees

- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 17 OVER $25,000 Pltf. Grants Consent
- ☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

- ☐ 16 Under $25,000 Consent Denied
- ☐ 18 OVER $25,000 Consent Denied
- ☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
- ☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 27-102 (a)
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass

**C. PERSONAL TORTS**

- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile- Personal Injury
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud

- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical (Including Wrongful Death)
- ☐ 16 Negligence- (Not Automobile, Not Malpractice)

- ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
- ☐ 18 Wrongful Death (Not Malpractice)
- ☐ 19 Wrongful Eviction
- ☐ 20 Friendly Suit
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts
- ☐ 23 Tobacco
- ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01. Accounting
- ☐ 02. Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☒ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens; Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_/s/ Attorney's Signature_    May 8, 2018

Attorney's Signature    Date

CV-496/ June 2015

Filed
D.C. Superior Court
05/08/2018 02:59PM
Clerk of the Court

IN THE SUPERIOR COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | | |
|---|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY<br>200 Madison Avenue, 2nd Floor<br>New York, NY 10016 | *<br>*<br>* | |
| and | * | |
| CHRISTOPHER PARKER, d/b/a PARKER SERVICES, t/a ANYTIME MOVERS<br>1301 15th Street, N.W.<br>Washington, DC 20005 | *<br>* | |
| Plaintiffs | * | Civil Action No.: 2018 CA 003218 B |
| v. | * | |
| MT. VERNON FIRE INSURANCE COMPANY<br>1190 Devon Park Drive<br>Wayne, PA 19087 | *<br>* | |
| Serve On:<br>R. Scott Krause, Resident Agent<br>Eccleston & Wolf<br>1629 K Street, N.W., Suite 260<br>Washington, DC 20006 | *<br>*<br>* | |
| and | * | |
| BRICKER INSURANCE AGENCY, INC.<br>3327 Superior Lane, Suite 203<br>Bowie, MD 20715 | *<br>* | |
| Serve On:<br>Gary R. Bricker, Resident Agent<br>15606 Emory Court<br>Bowie, MD 20716 | *<br>*<br>* | |
| Defendants | | |

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

Plaintiffs Greater New York Mutual Insurance Company ("GNY") and Christopher Parker d/b/a Parker Services t/a Anytime Movers ("Parker") [collectively referred to as "Plaintiffs")], by and through their respective undersigned counsel, hereby file this Complaint against Defendants Mt. Vernon Fire Insurance Company ("Mt. Vernon") and Bricker Insurance Agency, Inc. ("Bricker"), and in support thereof, state as follows:

1. This is an action for declaratory judgment brought pursuant to D.C. Superior Court Rule 57 and Section 2201 of Title 28 of the United States Code to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between GNY and Parker and Mt. Vernon. Mt. Vernon issued a Commercial General Liability Policy to Parker, with effective coverage dates of December 24, 2015, through December 24, 2016. Specifically, an actual controversy exists regarding the parties' respective rights and obligations under the aforementioned contract of insurance.

## THE PARTIES

2. GNY is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 200 Madison Avenue, 2nd Floor, New York, NY 10016. GNY underwrites and markets commercial insurance lines and is licensed to operate in the District of Columbia.

3. Parker is an individual who resides at 1301 15th Street, N.W., Washington, DC 20005. Parker is the owner and sole proprietor of an unincorporated business entity, Parker Services t/a Anytime Movers. Further, Parker purports to act and conduct business on behalf of Parker Services t/a Anytime Movers.

2

4. Mt. Vernon is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 1190 Devon Park Drive, Wayne, PA 19087. Mt. Vernon underwrites and markets commercial insurance lines and is licensed to operate in the District of Columbia.

5. Bricker is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 3327 Superior Lane, Suite 203, Bowie, MD 21075. Bricker markets and sells insurance in the District of Columbia.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction and venue is proper pursuant to D.C. Code § 13-423.

7. Venue is proper in this jurisdiction as the events underlying this lawsuit all occurred within the District of Columbia.

## FACTS COMMON TO ALL COUNTS

8. At all relevant times, GNY was engaged in the property and casualty insurance business in the District of Columbia.

9. At all relevant times, GNY provided Triangle Development Associates, LLC ("Triangle") a policy of commercial insurance for a mixed-use retail and residential building located at 1375 Kenyon Street, N.W., Washington, D.C. 20010 (the "Building") under policy number CL267.1951A.

10. On May 29, 2016, Parker's moving company assisted a tenant of the Building in moving her furniture. During the course of the move, an agent of Parker's moving company, in an attempt to move the tenant's furniture, struck a sprinkler head with a sofa causing the sprinkler

head to break, which activated the Building's fire suppression system and resulted in extensive water damage to numerous units in the Building.

11. In accordance with the terms of the policy of insurance, GNY paid its insured, *i.e.*, Triangle, the claim it presented for the loss caused by the water damage to the Building in the amount of $139,130.57.

12. GNY made a demand on Parker for the amounts it paid to Triangle for the water damage to the Building.

13. Parker was insured by Mt. Vernon under a Commercial General Liability Policy, Policy No. CL2671951A, which was in effect from December 24, 2015, through December 24, 2016 (the "Policy").

14. Parker procured the policy of insurance with Mt. Vernon for his moving company through Bricker who served as his insurance agent.

15. On June 2, 2016, Parker made a claim with Mt. Vernon regarding the water damage to the Building, Claim No. K101483, under the Policy.

16. On June 7, 2016, Mt. Vernon denied Parker's claim under the Aircraft, Auto and Watercraft exclusion.

17. On August 22, 2017, GNY filed a subrogation action against Parker in the Superior Court for the District of Columbia, Case No. 2017 CA 005861 C, seeking to recover the amounts it paid to Triangle for the water damage to the Building (the "Underlying Litigation").

18. On December 15, 2017, Parker tendered his defense and indemnification in that lawsuit to Mt. Vernon.

19. On January 30, 2018, Mt. Vernon again denied Parker's claim and refused to defend him in the litigation.

4

20. On March 15, 2018, Parker and GNY entered into a consent judgment and Parker assigned all of his claims against Mt. Vernon and Bricker to GNY.

21. Bricker, as Parker's insurance agent, had a duty to advise Parker that the Policy provided by Mt. Vernon may not provide him with coverage for his moving services and had a duty to advise Parker of additional options available for procuring additional coverage, to the extent that the Policy was not sufficient.

22. Had Bricker done so, Parker would have procured any necessary additional insurance coverage to ensure his moving services were fully covered. However, by failing to disclose such information, despite knowing that the information was important and that Parker relied upon Bricker to make him aware of the information, Bricker deprived Parker of an opportunity to obtain more comprehensive insurance coverage, to the extent any additional coverage was needed.

23. Despite Bricker's express representations and verifications, Mt. Vernon denied the tender of defense and indemnification of Parker under the Mt. Vernon policy and refused to defend Parker in the lawsuit filed by GNY.

24. Mt. Vernon's denial claimed that Exclusion g of the Policy states:

This insurance does not apply to:

g. Aircraft, Auto Or Watercraft

   (1) "Bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft.

   (2) "Bodily injury" or "property damage" arising out of "loading or unloading" of any aircraft, "auto" or watercraft.

   This exclusion applies to "bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft, whether or not owned, maintained, used, rented, leased, or borrowed by any

5

insured and whether or not hired, contracted, loaned or entrusted to others by any insured.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, contracting, screening, training or monitoring of others by the insured.

The Policy defines "loading or unloading" as:

"Loading or unloading" means the handling of property:

a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

b. While it is in or on an aircraft, watercraft or "auto"; or

c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

25. Mt. Vernon arbitrarily and capriciously concluded that a dolly is a "hand truck" and since Parker's agent was using a dolly at the time the sofa struck the sprinkler head, the exception to Exclusion g does not apply and coverage is excluded.

26. Pursuant to the plain unambiguous language of the Policy and the ambiguous language of the Policy, which must be construed in a manner to favor coverage, Mt. Vernon's coverage denial and refusal to defend Parker is wrongful and in breach of its duty to defend and indemnify under District of Columbia law.

27. As a result of Mt. Vernon's breach of its duty to defend Parker, Parker has incurred defense fees and costs and has entered into consent judgment in favor of GNY.

## COUNT I
### (Negligence/Negligent Misrepresentation – Defendant Bricker)

28. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

29. Bricker was, at all relevant times, acting as an agent for Parker and, as such, owed him a duty to exercise reasonable care in the providing of its services. Bricker knew and expected (or should have known and expected) that Parker relied upon Bricker's licensure and expertise in providing insurance agent services.

30. Bricker was aware that Parker provided moving services and that he, and/or his agents, sometimes used mechanical devices, dollies, and hand trucks in providing moving services to customers.

31. Bricker breached its duty of care to Parker by misrepresenting to Parker the nature, extent and scope of the coverage afforded to him under the Mt. Vernon Policy; misrepresenting that his moving services would be covered under the Mt. Vernon Policy; failing to provide proper insurance-related advice to Parker and failing to adequately explain the nature, extent and scope of the commercial general liability coverage that Parker had requested; failing to detect and correct its earlier errors over a period of time; and otherwise negligently providing professional services.

32. Bricker knew or should have known that Parker relied upon Bricker to advise him as to what coverage may be needed, particularly if such coverage was not provided, or was excluded, by the commercial general liability coverage provided in the Mt. Vernon Policy, to ensure that Parker procured all necessary insurance; that the coverage provided by the commercial general liability coverage was apparently not adequate to cover Parker's moving services for all purposes; and that Parker was not likely to know that the coverage he had was insufficient unless Bricker informed him of that fact.

33. Bricker, as an agent of Parker, had a duty to advise Parker that the commercial general liability coverage provided in the Mt. Vernon Policy may not provide him with coverage for his moving services, or may exclude such coverage, and to advise Parker of additional options available for procuring the additional coverage; to the extent that the commercial general liability coverage was not sufficient.

34. Had Bricker done so, Parker would have procured any necessary additional insurance coverage required to ensure the desired and expected coverage for his moving services. However, by failing to disclose such information, despite knowing that the information was important and that Parker relied upon Bricker to make him aware of the information, Bricker deprived Parker of an opportunity to obtain more comprehensive insurance coverage, to the extent any additional coverage was needed.

35. Parker assigned all of his claims against Bricker to GNY.

36. As a result of Bricker's negligence, Plaintiffs have suffered damages in the amount of $139,130.57.

WHEREFORE, Plaintiffs Greater New York Mutual Insurance Company and Christopher Parker d/b/a Parker Services t/a Anytime Movers respectfully request that this Honorable Court enter a Judgment in favor of Plaintiffs and against Defendant Bricker Insurance Agency, Inc. in the amount of $139,130.57, plus costs, attorneys' fees, and pre- and post-judgment interest, and to award Plaintiffs such other and further relief as in law and justice that Plaintiffs may be entitled to receive.

## COUNT II
### (Declaratory Judgment – Mt. Vernon)

37. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

38. Plaintiffs maintain that the Parker's claim was covered under the Policy and that Mt. Vernon had a duty to defend and indemnify Parker under the Policy.

39. The Parties dispute as to the coverage available to Plaintiffs under the Policy creates an actual controversy of a justiciable issue within the jurisdiction of this Court, involving the rights and liabilities of the parties.

40. Antagonistic claims are present between the Parties. These claims indicate imminent and inevitable litigation.

41. A declaratory judgment by this Court will terminate this controversy.

42. Given the foregoing, Plaintiffs are entitled to a declaration of this Court that Mt. Vernon has a duty to defend and indemnify Parker.

WHEREFORE, Plaintiffs Greater New York Mutual Insurance Company and Christopher Parker d/b/a Parker Services t/a Anytime Movers respectfully request that this Honorable Court:

(a) Determine and adjudicate the rights and liabilities of the Parties with respect to the Policy;

(b) Declare that Defendant Mt. Vernon Fire Insurance Company has a duty to defend and indemnify Parker;

(c) Declare that Plaintiffs are entitled payment under the Policy in the amount of 139,130.57, plus defense costs and attorneys' fees in the Underlying Litigation; costs, attorneys' fees, and pre- and post-judgment interest, and to award Plaintiffs such other and further relief as in law and justice that Plaintiffs may be entitled to receive.

9

## COUNT III
### (Breach of Contract – Mt. Vernon)

43. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

44. Pursuant to the terms of the Policy, Mt. Vernon agreed to defend and indemnify Parker for those sums that Parker becomes legally obligated to pay as damages because of "property damage" to which the insurance applies and to defend Parker against any suit seeking those damages.

45. Parker has performed, or is excused from performing, all conditions precedent to coverage for the losses alleged herein.

46. Mt. Vernon has breached the Policy by failing to defend and indemnify Parker.

47. Parker assigned all of his claims against Mt. Vernon to GNY.

48. As a result of Mt. Vernon's breach, Parker and GNY have suffered damages in the amount of $139,130.57.

WHEREFORE, Plaintiffs Greater New York Mutual Insurance Company and Christopher Parker d/b/a Parker Services t/a Anytime Movers respectfully request that this Honorable Court enter a Judgment in favor of Plaintiffs and against Defendant Mt. Vernon Fire Insurance Company in the amount of $139,130.57, plus costs, attorneys' fees, and pre- and post-judgment interest, and to award Plaintiffs such other and further relief as in law and justice that Plaintiffs may be entitled to receive.

## JURY TRIAL DEMAND

Plaintiffs Greater New York Mutual Insurance Company and Christopher Parker d/b/a Parker Services t/a Anytime Movers request a jury trial on the above claims.

Respectfully submitted,

/s/ Alicia D. Stewart
ALICIA D. STEWART, ESQUIRE (Bar No. 1003440)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
adstewart@nilesbarton.com
(410) 783 – 6403 (p)
(410) 783 – 6363 (f)
*Attorney for Plaintiff*
*Greater New York Mutual Insurance Company*

/s/ L. Paul Jackson, II
L. PAUL JACKSON, II, ESQUIRE
SHIPLEY & HORNE, P.A.
1101 Mercantile Lane, Suite 240
Largo, MD 20774
pjackson@shpa.com
(301) 925-1800
*Attorney for Plaintiff*
*Christopher Parker d/b/a Parker Services*
*t/a Anytime Movers*



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

GREATER NEW YORK MUTUAL INSURANCE
COMPANY et al
    Vs.
BRICKER INSURANCE AGENCY, INC. et al

C.A. No.     2018 CA 003218 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                            Chief Judge Robert E. Morin

Case Assigned to: Judge FLORENCE Y PAN
Date: May 9, 2018
Initial Conference: 9:30 am, Friday, August 10, 2018
Location: Courtroom 415
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60